# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LAVOISE REDMOND and CAROL REDMOND**                    **PLAINTIFFS**


**V.**                          **CIVIL ACTION NO. 1:06CV107 LTS-RHW**

**MARVIN ROBINSON and**
**AMERICAN SUMMIT INSURANCE COMPANY**          **DEFENDANTS**

## <u>MEMORANDUM OPINION</u>

The Court has before it Plaintiffs Lavoise and Carol Redmond's motion to remand.  For the reasons set out below, this motion will be granted.

This action was filed in the Circuit Court for the Second Judicial District of Harrison County, Mississippi, on October 31, 2005.  The complaint alleges that Defendant American Summit Insurance Company (American Summit) wrongfully refused to pay benefits for property damage sustained in Hurricane Katrina.  The complaint also alleges that Defendant Marvin Robinson was negligent in failing to procure the property insurance coverages the plaintiffs requested, particularly in his alleged failure to procure coverage for wind damage to the plaintiffs' personal property and for the loss of use of the insured residence.

Robinson, like the plaintiffs, is a Mississippi resident.  If he is a properly joined defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

Removal is premised on American Summit's assertion that Robinson has been fraudulently joined as a defendant, i.e. that the complaint against Robinson does not state a claim upon which relief can be granted.  American Summit bears the heavy burden of proving that the plaintiffs do not have a viable theory of recovery against Robinson.  In order to sustain this burden, American Summit must show that even if all of the material allegations of the complaint are accepted as true, no valid cause of action exists.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).

<u>Standard of Care Applicable to Insurance Agents</u>

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care to procure the coverage a purchaser has requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992); *Haggins v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss.2002).

The plaintiffs have alleged a cause of action for negligence against Robinson. Plaintiffs contend that Robinson failed to exercise reasonable care in securing the insurance coverage they requested. If the plaintiffs can substantiate these allegations, if they can prove that Robinson was negligent, and if they prove that his negligence proximately caused the damages they have alleged, they have a potential right of recovery against Robinson.

For this reason, I will grant the motion to remand. An appropriate order will be entered.

Decided this 24th day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge